**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:23-cr-00009-JMS-CMM-2 |
| vs. | ) | |
| | ) | |
| TITUS B. DAVIS, | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDATION**

On October 23, 2026, the Court held an initial and final hearing on the Petition for Warrant/Violation for Offender Under Supervision filed on October 15, 2026 [Dkt. 76]. Titus Davis ("Defendant") appeared with FCD counsel, Joseph Cleary. The Government appeared by Matthew Miller, Assistant United States Attorney. U.S. Probation appeared by Officer Jennifer Considine.

The parties advised the Court at the outset of the hearing that a proposed agreement was reached by which the defendant would admit to Violation Numbers 2-6 and dismiss Violation Number 1. The parties reached no agreement on recommended sentence and elected to make separate arguments.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The defendant was advised that on October 15, 2026, this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the magistrate judge's recommendation. He was further advised regarding his right against self-incrimination and his right to counsel. Joseph Cleary was appointed counsel for the defendant.

2. After being placed under oath, Defendant advised that he consented to the proposed agreement, had sufficient opportunity to consult with counsel, and was satisfied with his representation. Defendant admitted Violations 2 through 6, inclusive.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| **VIOLATION NUMBER** | **NATURE OF NONCOMPLIANCE** |
|---|---|
| | 2. "You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision."<br><br>Mr. Davis was enrolled in the federal drug aftercare program and failed to report for 19 random drug screens between the dates of February 19, 2026, and September 16, 2026. |
| | 3. "You shall make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution."<br><br>Mr. Davis has failed to make any payments towards his restitution. He currently owes $225,700.45 in restitution and a $300.00 special penalty assessment. |
| | 4. "You shall refrain from any unlawful use of a controlled substance."<br><br>Mr. Davis tested positive for marijuana on March 17, 2025, May 8, 2025, and May 27, 2025, while on courtesy supervision in the Eastern District of Michigan. During an office meeting with USPO James Thomas in Indianapolis, Mr. Davis admitted to last using marijuana on June 23, 2025.<br><br>Mr. Davis tested positive for marijuana and opiates on August 19, 2025 and admitted to using marijuana and Tylenol #4 the day before the test was administered. |
| | 5. "You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program." |

Between December 18, 2024, and August 26, 2025, Mr. Davis failed to enroll in or complete a substance abuse program while on courtesy supervision in the Eastern District of Michigan.

6. "You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment."

Between December 18, 2024, and July 18, 2025, Mr. Davis failed to obtain full-time employment while on courtesy supervision in the Eastern District of Michigan.

4. The parties stipulated that:

(a) The highest grade of violation is a Grade **C** violation.

(b) Defendant's criminal history category is **IV**.

(c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **6-12** months imprisonment.

5. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), and as more fully set forth on the record, finds that:

(a) The Defendant violated the supervised release conditions as alleged and has made a knowing, intelligent, and voluntary admission of Violations 2 through 6, inclusive;

(b) The Court finds the Defendant guilty of those violations.

(c) The Government argued that a sentence of 10 months' imprisonment was appropriate followed by two years of supervised release; the defendant argued that no term of imprisonment should be imposed and that the defendant be restored to supervised release.

(d) The evidence demonstrates that the defendant has not been in compliance with the terms of supervised release almost from the onset of supervision. The record is

marked with reported failures to comply involving marijuana use, failure to communicate with the supervising officer, failure to appear for 19 separate ordered drug screens, and a failure to make any payments on the court's restitution order. The defendant argued that, of late, the defendant has found employment, is not abusing illegal substances, and has permanent housing such that a term of imprisonment disrupts the progress made, at least in 2026.

The magistrate judge recommends that the Court impose a term of imprisonment of nine months in the custody of the Attorney General and two years of supervised release to follow completion of that sentence.

In reaching the recommendation, the magistrate judge has considered the conduct to which defendant admitted and the history of defendant's compliance with the supervised release terms. The magistrate judge concludes a nine-month term of imprisonment (which is essentially what the probation officer recommended in the report appended to the petition) takes into account the importance of deterring criminal conduct and the need to avoid unwarranted sentence disparities among defendants with similar records. The magistrate judge also notes—as did the Government—that the failure to make *any* payment toward a substantial restitution order further justifies the sentence recommended.

The defendant repeatedly broke the trust imposed in him by the Court, something that should not be ignored by simply restoring him to supervised release without consequences for his conduct to date. It should be noted that the defendant apologized for his conduct and appeared genuinely remorseful for his compliance failures.

(e) The Magistrate Judge recommends that: the defendant's supervised release be revoked; that the defendant be sentenced to the custody of the U.S. Bureau of Prisons for a period of nine months with two years of supervised release to follow upon release. Violation 1 should be dismissed by agreement of the Government.

Defendant shall remain in custody pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties are advised of the 14-day objection period to file objections for the consideration of the District Judge.

Dated: October 23, 2026

CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system